MEMORANDUM *
Yiguo Li, a native and citizen of China, petitions for review of a decision of the Board of Immigration Appeals (“BIA”) affirming the Immigration Judge’s (“IJ”) denial of his application for asylum.[1] Li asserted past persecution by the Chinese government based on his practice of Falun Gong. The IJ denied relief, finding that Li was not credible based on inconsistencies among statements Li made in his border inspection interview, his two asylum credible fear interviews, his asylum application, and his testimony before the IJ. Li also claims that the IJ violated his due process rights by failing to act as a neutral fact-finder.
We have jurisdiction over appeals of a final order of the'BIA pursuant to 8 U.S.C. § 1252. We deny in part and dismiss in part the petition for review.
I. Adverse Credibility Determination
Li argues that we should reverse the adverse credibility determination because his testimony before the IJ was internally consistent; the IJ relied on “inherently unreliable” inspection and asylum interviews; and any inconsistencies were too minor to form a basis for an adverse credibility determination. We disagree.
Because Li filed his application for asylum after May 11, 2005, his application is governed by the REAL ID Act. Under the REAL ID Act, in determining a petitioner’s credibility, an IJ should “[c]onsider[ ] the totality of the circumstances, and all relevant factors,” including:
the demeanor, candor, or responsiveness of the applicant or witness, the inherent plausibility of the applicant’s or witness’s account, the consistency between the applicant’s or witness’s written and oral statements (whenever made and whether or not under oath, and considering the circumstances under which the statements were made), the internal consistency of each statement, the consistency of such statements with other evidence of record (including the reports of the Department of State on country conditions), and any inaccuracies or falsehoods in such statements, without regard to whether an inconsistency, inaccuracy, or falsehood goes to the heart of the applicant’s claim, or any other relevant factor.
8 U.S.C. § 1158(b)(l)(B)(iii), as amended by § 101(a)(3) of the REAL ID Act, Pub.L. No. 109-13, 119 Stat. 231, 303 (2005).
“Under the substantial evidence standard, we may reverse a BIA credibility determination only if the evidence that the petitioner presented was ‘so compelling' that no reasonable factfinder could find that the petitioner was not credible.’ ” Malkandi v. Mukasey, 544 F.3d 1029, 1040 (9th Cir.2008) (internal edits omitted) (quoting Farah v. Ashcroft, 348 F.3d 1153, 1156 (9th Cir.2003)). Where, as here, the BIA reviewed for clear error and relied *451 upon the IJ’s opinion as a statement of reasons, we “look to the IJ’s oral decision as a guide to what lay behind the BIA’s conclusion.” Tekle v. Mukasey, 533 F.3d 1044, 1051 (9th Cir.2008) (citing Kozulin v. INS, 218 F.3d 1112, 1115 (9th Cir.2000)). We must accept the IJ’s adverse credibility finding if any of the supporting grounds proffered in the IJ’s decision is valid. Wang v. INS, 352 F.3d 1250, 1259 (9th Cir.2003).
First, Li’s inconsistent statements about his arrests provide substantial evidence supporting the IJ’s adverse credibility determination. For example, in his first asylum interview, Li said that he was arrested at his friend’s house for practicing Falun Gong and that the police slapped and hit him. In his second asylum interview, Li said that he was arrested twice for practicing Falun Gong and that he did not mention the second arrest earlier because it was short. In his asylum application, Li stated that the police arrested a group of Falun Gong practitioners in a park, that the police beat him by placing books on his stomach and hitting him with fists, that they poured cold water on him, and that they used an electric baton to knock him out. He also stated that he was arrested again, “with the same result,” a few months later. At the hearing before the IJ, Li described only one arrest in which police beat him with books and fists for practicing Falun Gong.
Li also testified inconsistently about an incident involving a suitcase containing heroin and a gun which belonged to his uncle. Li said in his first asylum interview that after the police found the suitcase at his home, they beat him by placing a book on his stomach and hitting him with their fists in order to avoid external injuries. In his asylum application, however, he stated that the police kicked him and beat him with wooden clubs until he was badly bruised. At his removal hearing, when the government asked Li if the police had beaten him by placing books on his stomach at any time other than when they arrested him for practicing Falun Gong, Li replied that they had not, and he offered no explanation when the government confronted him with the inconsistency.[2]
Second, Li’s argument that the adverse credibility finding was based on “inherently unreliable” asylum and inspection interviews is without merit. Li relies primarily on Singh v. Gonzales, 403 F.3d 1081 (9th Cir.2005), in which we held that the IJ could not rely on inconsistencies within an Assessment to Refer completed by the asylum officer. We noted that:
[t]he Assessment To Refer does not contain any record of the questions and answers at the asylum interview, or other detailed, contemporary, chronological notes of the interview, but only a short, conelusory summary-essentially, an opinion. There is no transcript of the interview. There is no indication of the language of the interview or of the administration of an oath before it took place.
Id. at 1089-90. Here, by contrast, the asylum interviews were conducted in Mandarin, Li’s native language, by a licensed interpreter and the record includes a full transcript of the interviews. Similarly, the IJ did not err in relying on the inspection interview. We have held that an inspection interview may be reliable impeachment evidence where there are sufficient indicia of reliability. See Li v. Ashcroft, 378 F.3d 959, 962-63 (9th Cir.2004) (finding an airport interview reliable where the inspection officer testified about the procedures used to ensure that the interview *452 was accurately understood and recorded, such as providing an interpreter if language barriers were found and reading the interview back line-by-line). Here, the inspection officer testified that he was a native speaker of Mandarin, that he read Li’s entire statement back to Li, and that Li signed the bottom of each page after the officer read the statement to him.
Finally, Li’s claim that the IJ based his adverse credibility determination on “minor and immaterial inconsistencies” such as Li’s statements about his birth date and the dates of his arrests lacks merit. Under the REAL ID Act, the IJ may consider the totality of the circumstances in determining whether an applicant is credible, and the inconsistencies need not go to the heart of the applicant’s claim. See 8 U.S.C. § 1158(b)(l)(B)(iii).
For these reasons, the record does not compel a finding that Li’s testimony was credible. We therefore deny the petition for review with respect to Li’s challenge to the IJ’s adverse credibility determination.
II. Due Process Claim
We lack jurisdiction to consider Li’s claim that the IJ violated his due process rights by failing to act as a neutral factfinder. We may review a final order of removal only if the petitioner has exhausted all administrative remedies available as of right. 8 U.S.C. § 1252(d)(1). When a petitioner files a brief before the BIA, the petitioner will “be deemed to have exhausted only those issues he raised and argued in his brief before the BIA.” Abebe v. Mukasey, 554 F.3d 1208, 1208 (9th Cir.2009) (en banc) (citing Barron v. Ashcroft, 358 F.3d 674, 677 (9th Cir.2004)). Here, Li did not brief his due process claim before the BIA, nor did he raise the due process claim in his Notice of Appeal to the BIA. Because Li did not exhaust this claim before the BIA, we lack jurisdiction to consider it.
The petition for review is DENIED in part and DISMISSED in part.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

. The IJ also denied withholding of removal and relief under the Convention Against Torture. Li did not challenge the denial of these claims before the BIA.

. Because Li’s inconsistent statements about his arrests provides substantial evidence supporting the adverse credibility determination, we do not address the IJ's other grounds for finding Li incredible. See Wang, 352 F.3d at 1259.